UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PTI ASSOCIATES, LLC,
    Plaintiff,

v.        3:09-cv-849 (WWE)

CAROLINA INTERNATIONAL SALES
COMPANY, INC., d/b/a CISCO,
    Defendant.

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff PTI Associates, LLC moves (Doc. #35) the Court to reconsider its ruling on defendant's motions to dismiss and to transfer venue, specifically to clarify the extent to which it is permitted to reassert a claim under the Connecticut Unfair Trade Practices Act ("CUTPA") or the analogous North Carolina state law.

## BACKGROUND

The underlying facts and the identities of the parties are set forth in the Court's memorandum of decision issued on January 26, 2010 (Doc. #32). In that decision, the Court dismissed without prejudice plaintiff's CUTPA claim because plaintiff failed to allege sufficient economic impact of defendant's alleged torts within the state of Connecticut. The Court permitted plaintiff to reassert a CUTPA claim, if appropriate, following the transfer of the case to the Western District of North Carolina. The Court also dismissed plaintiff's CUTPA claim as barred by the economic loss rule but did not specify whether such dismissal based on the economic loss rule was with or without prejudice.

Plaintiff filed the instant motion on February 4, 2010 asking the Court to clarify whether it may reassert a CUTPA claim.

1

# DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Federal Rule of Civil Procedure 15(a) provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). This is especially so at the early stage of litigation when the prejudice to defendant would be minimal. See Pina v. Wetzel, 2004 U.S. Dist. LEXIS 29726, *5 (W.D.N.Y. Sept. 30, 2004). Defendant recognizes this principle by not opposing plaintiff's reassertion of its CUTPA claim. Defendant, rather, asks the Court to clarify its ruling in a limited fashion.

As expressed in the parties' papers, the Court will permit plaintiff to reassert a claim under CUTPA or the North Carolina analogue, provided that (1) such claim is not barred by the economic loss rule as it applies to damages stemming from the parties' purchase agreements and (2) plaintiff can sufficiently allege economic injury in the state of Connecticut to satisfy the elements of CUTPA.[1]

---

[1] Although the Court only mentions economic injury in the state of Connecticut, should plaintiff assert a cause of action under the North Carolina analogue of CUTPA, economic injury in Connecticut would not likely be a factor. Plaintiff, instead, would obviously have to meet the elements of that cause of action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration and clarifies its ruling as set forth above. The Clerk is instructed to transfer this case to the Western District of North Carolina.

Dated at Bridgeport, Connecticut, this 18th day of February, 2010.

　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　Warren W. Eginton
　　　　　　　　　　　　　　Senior United States District Judge