# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV108-RJC-DSC

| | |
|---|---|
| PTI ASSOCIATES, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM AND RECOMMENDATION** |
| CAROLINA INTERNATIONAL SALES COMPANY, INC. (dba "CISCO") and NORMAN BEAUCAMP, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Dismiss [Counterclaim]" (document #68) filed November 30, 2010, and the parties' associated briefs and exhibits. See documents ## 68-1, 69 and 70.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the subject Motion is ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2009, Plaintiff PTI Associates, LLC ("PTI") originally filed this action in the United States District Court for the District of Connecticut. PTI filed its Amended Complaint on August 11, 2009. The Amended Complaint contained seven counts: breach of contract, breach of implied covenant, negligence, conversion, breach of fiduciary duty, violation of the Connecticut Unfair Trade Practices Act, and misrepresentation against Carolina International Sales Company, Inc. d/b/a CISCO ("CISCO"). CISCO was the only named Defendant in PTI's original Complaint and Amended Complaint.

Following the transfer of this case to the Western District of North Carolina, PTI filed its Second Amended Complaint on October 5, 2010. The Second Amended Complaint named Norman Beaucamp as an additional Defendant and asserted claims of misrepresentation, fraud, and unfair trade practice violations against him. Beaucamp is president of CISCO.

On November 10, 2010, Beaucamp filed his Answer to PTI's Second Amended Complaint. Beaucamp's Answer contains a "Fifth Defense Counterclaim," alleging that PTI is obligated to pay the costs associated with the storage of certain materials kept in a sealed storage tank located in Port Arthur, Texas. In making this claim, Beaucamp relies upon two proposals and two purchase orders which he alleges "arise under this case." Beaucamp's Counterclaim cites various provisions of these proposals and orders, each of which outlines the responsibilities of PTI and/or CISCO. As the parties agree, however, Beaucamp was not a party to any of these proposals or purchase orders. It is undisputed that Beaucamp's only involvement with these purchase orders and/or the contractual relationship between PTI and CISCO was as an officer of CISCO.

On November 30, 2010, PTI filed its Motion to Dismiss Beaucamp's Counterclaim, contending that Beaucamp lacks standing to assert what is essentially a claim for breach of an alleged contract between PTI and CISCO.

In his Response, Beaucamp does not allege that he was a party to the alleged contract or that he had any contractual relationship with PTI. Rather, Beaucamp concedes that "[g]enerally speaking, the president, officer ... of a corporation lacks standing to pursue such counterclaims." Document #69 at 2. Nevertheless, Beaucamp asserts without citing any authority in support, that PTI is "estopped to plead such a lack of standing" because PTI has asserted its tort claims against Beaucamp. Id.

PTI's Motion has been briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Under North Carolina law, the central elements of a breach of contract claim are "the existence of a valid contract and a breach of the terms of that contract." Ely Research Inc. v. United Communications Group LLC, 312 F.Supp. 2d 748, 755 (M.D.N.C. 2004). "A valid contract requires an agreement based on a meeting of the minds and sufficient consideration." Id. Here, the only parties to the purchase orders and proposals which Beaucamp points to in his counterclaim are PTI and CISCO. Beaucamp concedes that he cannot show that he had a contractual relationship with PTI.

As a non-party, Beaucamp lacks standing to assert that PTI breached any obligation under the purchase orders and/or the contractual relationship between PTI and CISCO. See e.g., Bishop v. Bartlett, 575 F.3d 419, 424 (4th Cir. 2009) (the party invoking the jurisdiction of the federal court must include the necessary factual allegations in the pleading, or else the case must be dismissed for lack of standing); General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114, 118 (4th Cir. 2004) ("[s]tanding is a jurisdictional issue"); RPR & Associates v. O'Brien/Atkins Associates, P.A.,

24 F.Supp. 2d 515, 520 (M.D.N.C. 1998) (noting that "even though a plaintiff may have suffered an injury as a result of breach of contract, if he lacks the necessary privity, he lacks standing to bring an action for breach of contract").

Beaucamp apparently contends that his mere presence in the case clothes him with the right to assert a claim regardless of standing. To the contrary, "standing is gauged by the specific common-law, statutory or constitutional claims that a party presents. Typically, ... the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." General Technology Applications, Inc., 388 F.3d at 118 (emphasis in original). Because Beaucamp is unable to plead that he has standing to bring a breach of contract claim against PTI, his Counterclaim must be dismissed in its entirety for lack of subject matter jurisdiction.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Dismiss" (document #68) be **GRANTED,** that is, that Defendant Beaucamp's Counterclaim be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

5

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: January 3, 2011

David S. Cayer
United States Magistrate Judge